**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Miracle, et al., | No. CV-19-04694-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, | |
| Defendant. | |

The Court now considers Proposed Intervenor-Defendants Speaker of the Arizona House of Representatives and President of the Arizona Senate ("Proposed Intervenors")' Motion to Intervene ("Motion") (Doc. 14 ("Mot.")).

**I.   BACKGROUND**

The Arizona Constitution confers the right to initiative upon its citizens. Ariz. Const. art IV, pt. 1 § 1. This case concerns the constitutionality of A.R.S. § 19-118(E) (the "Strikeout Law"),[1] which Plaintiffs Jessica Miracle, Rose Smallcanyon, Czaria Lord, Lonnie Arrington, Mendon Dornbrook, Mary Katz, NextGen Climate Action, and Arizonans for Fair Lending (Our Voice, Our Vote Arizona, LUCHA) ("Plaintiffs") believe impermissibly burdens that right. (*See* Doc. 1, Compl. at 1; *id.* ¶ 4.) The Strikeout Law requires Defendant Arizona Secretary of State ("Defendant") to strike all signatures gathered by an initiative petition circulator if the circulator is subpoenaed to provide

---

[1] The Complaint identifies A.R.S. § 19-118(C) as the subsection at issue. However, the legislature recently passed SB1451, which amended portions of A.R.S. § 19-118, including recodifying subsection (C) to subsection (E) (effective Aug. 27, 2019). 2019 Ariz. Sess. Law ch. 315, § 3.

evidence in an action regarding petition circulation and fails to appear in court or produce the required documents. A.R.S. § 19-118(E); (*see* Compl. ¶ 1). On July 11, 2019, Plaintiffs filed their Complaint, seeking declaratory and injunctive relief against Defendant.[2] (*See* Compl.) According to Plaintiffs, "[t]he Strikeout Law abridges and denies [the] core constitutional rights of political speech and association, along with the right to vote or participate meaningfully in the political process," thereby violating the First and Fourteenth Amendments of the U.S. Constitution. (*Id.* ¶ 1; *see id.* ¶¶ 79–119.) Plaintiffs argue that "[t]he right to initiative is ingrained in the very core of Arizonans' political rights," and the Strikeout Law improperly conditions the validity of an initiative on the individual circulator's ability to comply with a subpoena. (*See id.* ¶¶ 2, 5.)

On August 21, 2019, Proposed Intervenors filed the instant Motion. (*See* Mot.) Proposed Intervenors claim that they have "authority under A.R.S. § 12-1841 to intervene in an action challenging the constitutionality of an Arizona law."[3] (*Id.* at 4.) Citing *Ex parte Young*,[4] Proposed Intervenors claim that Defendant is an improper party because she lacks enforcement power under subsection (E). (*See id.* at 2–4.) Proposed Intervenors move to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or,

---

[2] "Plaintiffs are petition signers, circulators, sponsors, and initiative proponents, each of whom have had their ability to meaningfully participate in the initiative process abridged or denied because of the Strikeout Law." (Compl. ¶ 7.)

[3] "In any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional, the attorney general, the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard." A.R.S. § 12-1841(A). Subsection (D), however, clarifies that these three parties *may* intervene—not that they *must* be named as parties: "This section shall not be construed to compel the attorney general, the speaker of the house of representatives or the president of the senate to intervene as a party in any proceeding or to permit them to be named as defendants in a proceeding. The attorney general, the speaker of the house of representatives or the president of the senate, in the party's discretion, may intervene as a party, may file briefs in the matter or may choose not to participate in a proceeding that is subject to the notice requirements of this section." A.R.S. § 12-1841(D). In sum, Proposed Intervenors must still satisfy the requirements for intervention under Rule 24 and cannot use A.R.S. 12-1841(A) to circumvent the Federal Rules of Civil Procedure. (*See* Pls.' Resp. at 4.) Lastly, the Court notes that the Arizona Attorney General is representing Defendant—meaning that this case is hardly analogous to *Horne v. Flores* (cited by Proposed Intervenors), in which the "attorney general showed little enthusiasm for advancing the legislature's interests." 557 U.S. 433, 443 (2009); (*see* Doc. 24, Proposed Intervenors' Reply to Pls.' Resp. ("Reply") at 4).

[4] 209 U.S. 123, 157 (1908) (stating that state officer being sued must have some connection with enforcement of allegedly unconstitutional act).

alternatively, for permissive intervention under Rule 24(b). (*Id.* at 1–2.) On August 30, 2019, Defendant filed her Response.[5] (*See* Doc. 19, Def.'s Resp. to Mot. ("Def.'s Resp.").) On September 4, 2019, Plaintiffs filed their Response. (*See* Doc. 20, Pls.' Opp'n to Mot. ("Pls.' Resp.").)

## II.    LEGAL STANDARDS AND ANALYSIS

### A.    Rule 24(a): Intervention as a Matter of Right

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted). Rule 24(a)(2) provides the right to intervene where a person

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants for intervention as a matter of right must satisfy a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). "Failure to

---

[5] On August 23, 2019, Defendant filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). (*See* Doc. 16, Mot. to Dismiss ("MTD").) Defendant challenges Plaintiffs' constitutional claims, arguing that this suit is "an attempted (and belated) *third* bite at the apple" (in reference to two unfavorable Superior Court rulings), and should "meet the same fate as the first two." (*Id.* at 1–2; *see also id.* at 5 (reiterating that *Stanwitz v. Reagan* unanimously upheld the constitutionality of the Strikeout Law) (citing 429 P.3d 1138, 1145 (Ariz. 2018), *amended on* Nov. 27, 2018).) And even where Plaintiffs' Complaint departs from its predecessors— namely, the allegation that the Strikeout Law violates the First Amendment—Defendant maintains that no such violation exists. (*See id.* at 8.)

satisfy any one of the requirements is fatal to the application . . . ." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

Plaintiffs and Proposed Intervenors agree that this Motion is timely.[6] (*See* Mot. at 4–5; Pls.' Resp. at 2.) With respect to the other three requirements, however, Plaintiffs argue that Proposed Intervenors do not meet their burden. (*See* Pls.' Resp. at 2–8.) For the following reasons, the Court agrees with Plaintiffs.

### 1. Significantly Protectable Interest

Proposed Intervenors argue that they have a "significantly protectable interest" in "upholding the constitutionality of an Arizona law." (Mot. at 5.) Because Defendant lacks "inherent duties under the Arizona Constitution," it should fall to them to defend the Strikeout Law. (*See id.*) As Speaker of the House and President of the Senate, respectively, Proposed Intervenors assert that they "are not just individual legislators," and that A.R.S. § 12-1841 specifically empowers them to defend the constitutionality of Arizona's laws. (*See* Mot. at 5; Reply at 5–6.)

As previously discussed, A.R.S. § 12-1841 does not confer blanket authority upon Proposed Intervenors to defend the constitutionality of a state law—particularly where the attorney general is already defending the law. The Court is similarly unmoved by the highly generalized argument that Proposed Intervenors have an interest in upholding the constitutionality of the Strikeout Law, and the patently incorrect argument that Defendant lacks enforcement power under subsection (E).[7] (*See* Mot. at 5.) A plain reading of the law reveals that "[t]he party serving the subpoena may request an order from the court directing the *secretary of state* to remove any signatures collected by the circulator as provided for in [A.R.S. § 19-121.01(A)]." A.R.S. § 19-118(E) (emphasis added). True, a court order is required for removal. (*See id.*) But such a requirement exists not to strip Defendant of her

---

[6] Defendant posits only two arguments: (1) she is a proper party in this action; and (2) she is adversarial to Plaintiffs and her political party affiliation has not compromised her ability to defend the challenged law. (*See* Def.'s Resp. at 2.)

[7] Proposed Intervenors submit that because "the State Constitution creates the office of Secretary of State, but . . . leaves it to the Legislature to fix the duties and authority of the office," the legislature ultimately oversees any enforcement authority granted to that office. (Mot. at 5.) The Court is unpersuaded by this argument. If Proposed Intervenors were correct, then the office of Secretary of State would serve little purpose.

enforcement power, but to protect petition circulators from arbitrary use of that power. Proposed Intervenors fail to satisfy the "significantly protectable interest" requirement of Rule 24(a).

### 2. Practical Impairment

Proposed Intervenors rely on A.R.S. § 12-1841 to do their heavy lifting. (Mot. at 6 ("'*It is enough that the interest is protectable under any statute*.'") (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).) Here, again, the Court is unmoved. Simply stating that the above statute "confers upon them the interest in upholding the constitutionality of Arizona laws" does not establish that they are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest." (Mot. at 6); *Aerojet Gen. Corp.*, 606 F.3d at 1148 (quoting *Cal. ex. rel. Lockyer*, 450 F.3d at 440).

Proposed Intervenors' insinuation that a divergence in political opinion will result in either a failure to defend or the begrudging defense of the Strikeout Law is also unpersuasive. Proposed Intervenors cite extensively to *Horne*, where intervention was vital to the defense of the law at issue because, among other things, the attorney general failed to appeal the court's judgment, as well as injunctions and related orders issued in support of that judgment. (Mot. at 7–8 (citing *Horne*, 557 U.S. at 443).) But Proposed Intervenors demonstrate no such deficiencies in the present case; indeed, they cannot. (*See* Mot. at 6–8.) The Arizona Attorney General is representing Defendant, and Defendant has already moved to dismiss the Complaint. (*See* MTD.) Proposed Intervenors fail to satisfy the practical impairment requirement of Rule 24(a).

### 3. Inadequacy of Representation

Proposed Intervenors note that the Ninth Circuit has consistently held "that the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate and that the burden of making this showing is minimal." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (quotation and citations omitted); (*see* Mot. at 8). Minimal as that burden may be, Proposed

Intervenors fail to meet it here.

In determining adequacy of representation, the court considers: (1) whether the interest of a present party is such that it will undoubtedly make all the proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Arakaki*, 324 F.3d at 1086. Once more, Proposed Intervenors return to their *Horne* argument, suggesting (without support) that Defendant intends to employ the "win-by-losing strategy."[8] (*See* Mot. at 8–9.) Even though the three factors are viewed in light of the "may be" inadequate standard rather than a "must be" inadequate standard, Proposed Intervenors must do more than allege—and superficially at that—partisan bias to meet it. Proposed Intervenors fail to satisfy the "inadequacy of representation" requirement of Rule 24(a).

The Court concludes that Proposed Intervenors fail to satisfy the requirements for intervention as a matter of right under Rule 24(a), and denies their Motion as it relates to Rule 24(a).

### B.  Rule 24(b): Permissive Intervention

Rule 24(b) governs permissive intervention. An applicant for intervention under Rule 24(b) must demonstrate: "'(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002)). Even where those three elements are satisfied, however, the district court retains discretion to deny permissive intervention. *S. Cal. Edison Co.*, 307 F.3d at 803 (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). In exercising its discretion, a

---

[8] Proposed Intervenors also mention "the relationship between [Defendant] and counsel for Plaintiffs [from Perkins Coie LLP]." (Mot. at 9.) As examples of Defendant's lack of adversarial intent, Proposed Intervenors point to Defendant's appointment of a former Perkins Coie lawyer as her Election Services Director, and lead Plaintiffs' counsel's $500.00 donation to Defendant's campaign. (*Id.*) These conclusory assertions do not demonstrate collusion between Plaintiffs' counsel and Defendant; they demonstrate lawful participation in the political process.

- 6 -

court must consider whether intervention will unduly delay or prejudice the original parties and should consider whether the applicant's interests are adequately represented by the existing parties and whether judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989); *see* Fed. R. Civ. P. 24(b)(3) (requiring courts to consider undue delay or prejudice to original parties).

As explained above, Proposed Intervenors' interests are aligned with those of Defendant, whose enforcement power under subsection (E) makes her: (1) a proper Defendant; and (2) well-suited to defend the constitutionality of that power. And, most notably, Proposed Intervenors fail to demonstrate that Defendant's defense of the Strikeout Law has thus far been inadequate. *See, e.g.*, *United States ex. rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (denying permissive intervention to a group of taxpayers where governor adequately represented their interests).

Finally, the Court agrees with Plaintiffs that allowing Proposed Intervenors to intervene in this context will introduce unnecessary "partisan politics into an otherwise nonpartisan legal dispute." (Pls.' Resp. at 10.) Consequently, even if Proposed Intervenors had satisfied the criteria for permissive intervention, the Court would still exercise its discretion to deny their Motion.

### C. Permission to File an Amicus Brief

Amicus briefs are considered at the discretion of the Court. *See Gila River Indian Cmty. v. United States*, Nos. CV10-1993 PHX-DGC, CV10-2017 PHX DKD, CV10-2138 PHX MHB, 2010 WL 4269590, at *4 (D. Ariz. Oct. 28, 2010); *Dible v. City of Chandler*, No. CV-03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004). The role of *amici* is threefold: (1) to aid in a matter of general public interest; (2) to supplement efforts of counsel; and (3) to highlight relevant law that has escaped consideration. *Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982). Although the Court will not allow intervention, the Court grants Proposed Intervenors leave to file an amicus brief,[9] if they wish to, because the instant matter is one

---

[9] Proposed Intervenors' role as *amicus curiae* in this case is strictly limited to the filing of a brief. No further briefing is permitted with regards to or because of Proposed

of public interest, and they may be able to highlight arguments and/or relevant law that may otherwise escape the Court's consideration.

### III. CONCLUSION

Because Proposed Intervenors have failed to satisfy the requirements of Rule 24(a) and 24(b), the Court denies their Motion to Intervene.

**IT IS THEREFORE ORDERED** denying Proposed Intervenors' Motion to Intervene (Doc. 14).

**IT IS FURTHER ORDERED** granting Proposed Intervenors leave to file an amicus brief, if they wish to.

Dated this 20th day of September, 2019.

_____
Susan R. Bolton
United States District Judge

Intervenors' amicus brief.

- 8 -