Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile:  602.648.7000
SGonski@perkinscoie.com
DocketPHX@perkinscoie.com

Elisabeth C. Frost (WDC Bar. 1007632)*
Uzoma N. Nkwonta (WDC Bar No. 975323)*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile:  202.654.6211
EFrost@perkinscoie.com
UNkwonta@perkinscoie.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Miracle; *et al.*, | No. 2:19-cv-04694-SRB |
| Plaintiffs, | **MOTION TO SUPPLEMENT THE RECORD** |
| v. | |
| Katie Hobbs, in her official capacity as Arizona Secretary of State, | |
| Defendant. | |

On July 18, 2019, Plaintiffs moved for a preliminary injunction against A.R.S § 19-118(C) (the "Strikeout Law"). *See* Doc. 9. In considering a motion for a preliminary injunction, one of the four factors that a court must evaluate is whether "the movant is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the nearly five intervening months since the Plaintiffs sought relief, the election has approached closer and new evidence has come to light regarding the severity of the irreparable harm that is presently being caused by the Strikeout Law—specifically the means by which it is affirmatively chilling core political

speech by initiative proponents, and the permanence of that harm if the law is not enjoined in the next few weeks. Accordingly, Plaintiffs move to supplement the record with two declarations, both attached to this motion, which include additional details not available at the time of filing Plaintiffs' preliminary injunction motion, regarding the injuries that the Strikeout Law is currently imposing on Plaintiffs' and other initiative proponents' First and Fourteenth Amendment rights. This evidence further strengthens Plaintiffs' argument that preliminary relief is not only urgently needed, it is needed quickly, in order to avoid permanent and severe irreparable harm to their fundamental rights.

Under these circumstances, supplementation of the record is appropriate. A district court has "wide discretion" to grant a party leave to supplement the record in order "that the court may obtain accurate information when making its ruling." *LimoStars, Inc. v. New Jersey Car & Limo, Inc.*, 2011 WL 3471092, at *3 (D. Ariz. Aug. 8, 2011), *report and recommendation adopted*, 2011 WL 4101100 (D. Ariz. Sept. 8, 2011); *see also In re Weiner*, 161 F.3d 1216 (9th Cir. 1998) (holding that denial of motion to supplement the record was an abuse of discretion). In even less urgent circumstances than those presented here, trial judges routinely grant motions to supplement the record with evidence for good cause shown. *United States v. Maris*, 2011 WL 468554, at *5 n.5 (D. Nev. Feb. 4, 2011) (granting leave to file supplemental materials after motions were filed and oral argument held on a motion for summary judgment); *Mitchel v. Holder*, 2010 WL 816761, at *1 n.1 (N.D. Cal. Mar. 9, 2010) (granting leave to file supplemental declaration regarding newly obtained evidence); *Lumsden v. United States*, 2010 WL 2232946, at *1 (E.D.N.C. June 3, 2010) (granting a party leave to submit additional newly discovered evidence and stating that "the court deems it imprudent to permit the full record to go undeveloped").

Accordingly, with good cause shown, Plaintiffs move the Court to supplement the record with the two declarations lodged concurrently herewith.[1]

---

[1] On December 9, counsel for Plaintiffs' contacted counsel for the State and was advised that the State takes no position on this motion.

| | | |
|---|---|---|
| 1 | Dated: December 9, 2019 | s/ Sarah R. Gonski |
| 2 | | Sarah R. Gonski (Bar No. 032567)<br>**PERKINS COIE LLP** |
| 3 | | 2901 North Central Avenue, Suite 2000<br>Phoenix, Arizona 85012-2788 |
| 4 | | Elisabeth C. Frost (WDC Bar No. 1007632)* |
| 5 | | Uzoma N. Nkwonta (WDC Bar No. 975323)*<br>**PERKINS COIE LLP** |
| 6 | | 700 Thirteenth Street NW, Suite 600<br>Washington, D.C. 20005-3960 |
| 7 | | *Admitted pro hac vice* |
| 8 | | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 9, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

                                                        s/ D. Freouf