Mark Brnovich
Attorney General
Firm Bar No. 14000

Joseph E. La Rue (031348)
Senior Litigation Counsel
Kara Karlson (029407)
Assistant Attorney General
2005 North Central Avenue
Phoenix, AZ  85004-1592
Telephone (602) 542-4951
Facsimile (602) 542-4385
Joseph.Larue@azag.gov
Kara.Karlson@azag.gov
adminlaw@azag.gov

*Attorneys for Defendant Arizona Secretary
of State Katie Hobbs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Miracle; Rose Smallcanyon; Czaria Lord; Lonnie Arrington; Mendon Dornbrook; Mary Katz; NextGen Climate Action; and Arizonans for Fair Lending (Our Voice, Our Vote Arizona, LUCHA),<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State,<br><br>Defendant. | Case No:  2:19-cv-04694-SRB<br><br><br>**DEFENDANT ARIZONA SECRETARY OF STATE'S RESPONSE TO PLAINTIFFS' REQUEST TO EXPEDITE BRIEFING ON PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL (DOC. 41)** |

Defendant Arizona Secretary of State Katie Hobbs respectfully requests that this Court deny Plaintiffs' request for extremely expedited briefing and consideration of its Emergency Motion for Injunction Pending Appeal, which seeks to truncate both to a little more than forty-eight hours.  Plaintiffs received this Court's order denying

1   Preliminary Relief on or about 1:41 p.m. on December 16, which is about 44.5 hours

2   before they filed the instant Motion.  Plaintiffs then seek an eye-popping reduction in the

3   time for the Secretary to respond from 14 days (or 336 hours) to, at most, 37.85 hours

4   and then provides this Court a mere 15 hours to rule.

5       This breakneck response time is simply unnecessary.  As the Court noted in its

6   Order, A.R.S. § 19-118(E) "comes into play only *after* all initiative-related speech has

7   occurred.  (Doc. 36 at 6).  But the deadline to file petitions is not until July 3, 2020.

8   Ariz. Const. Art. IV, § 1, Pt. 1 (2).  An emergency injunction pending appeal by this

9   Court with inadequate time for either the parties or this Court to consider the Plaintiffs'

10  arguments is unnecessary, because challenged law will have no effect for the next seven

11  months.  Moreover, given that *Plaintiffs* are the ones seeking extraordinary relief, there is

12  no reason that the Secretary or this Court should have to move any faster than

13  Plaintiffs—who took nearly two full days to file their emergency motion—are willing to

14  move themselves.  Plaintiffs' unwillingness to act more expeditiously belies their

15  purported "need" for a decision by 3pm tomorrow.

16      Plaintiffs' prejudicially-rapid response time is further unwarranted for another

17  reason:  the appeal has been filed and the briefing schedule has already been set.  The

18  Ninth Circuit has ordered Plaintiffs to file an opening brief "not later than January 14,"

19  the Secretary's response is due by February 11, or 28 days after the opening brief, and no

20  streamlined extensions of time will be granted.  *Miracle v. Hobbs*, 19-17513 (Doc. 2,

21  Dec. 17, 2019) (attached as Exhibit 1).  In other words, Plaintiffs will receive expedited

22  consideration at the Ninth Circuit, and in fact they could expedite their own relief by

23  briefing there, rather than asking this Court to enjoin its own order before the ink has

24  even dried. [1]

25

26  _____

[1] Plaintiffs' fallback request for this Court to summarily deny their motion suggests that
27  this entire enterprise is merely an attempted end-run around Rule 8(a) of the Federal
    Rules of Appellate Procedure, which contemplates that this Court will consider any
    request for an injunction pending appeal in the first instance before the Ninth Circuit
28  does.  But Plaintiffs do not appear to seek meaningful consideration by this Court, but
    rather merely to check the Rule 8(a) box.

1

2      For these reasons, it is unnecessary for this Court to entertain Plaintiffs' fire drill.

3   Because the deadline to file petitions is *months* away, the Secretary respectfully seeks a

4   modest 8 days to file a response to Plaintiff's motion, until December 26.  If Plaintiffs

5   wish to file a reply brief, they should be permitted a short period in which to do so (*e.g.*,

6   December 27 or 30).  And while this Court should proceed expeditiously in deciding the

7   motion, there is no need to indulge Plaintiffs' breakneck schedule—and certainly no

8   need to act more expeditiously than Plaintiffs are willing to do themselves.  This still-

9   expedited timetable properly reflects the lack of true urgency here, while respecting the

10  upcoming holidays.

11

12      Respectfully submitted this 18th day of December, 2019.

13                                      Mark Brnovich
                                        Attorney General
14

15                                       s/ *Kara Karlson*

16                                      Joseph E. La Rue

17                                      Kara Karlson
                                        *Attorneys for Defendant*
18                                      *Arizona Secretary of State Katie Hobbs*

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The foregoing was e-filed with the Clerk of the Federal Court for the District of Arizona using the CM/ECF System on December 18, 2019, which served all counsel:

Sarah R. Gonski (# 032567)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
SGonski@perkinscoie.com

Elisabeth C. Frost (WDC# 1007632)*
Uzoma N. Nkwonta (WDC# 975323)*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211
EFrost@perkinscoie.com
UNkwonta@perkinscoie.com

*Counsel for Plaintiffs*


  s/ Caitlin Pagni

PHX - #8421405

4